[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Jardin Ratzken and his father, Jamie, filed a revised complaint in six counts seeking damages for the injuries Jardin suffered as a result of the defendant, Jason Close, punching him in the nose. They allege that on or about January 20, 1998, Jardin was in his vehicle on a public road in New Fairfield, when Jason approached him and asked him to roll his window down. Jason then assaulted Jardin. He received emergency medical care and treatment at Danbury Hospital for injuries to his face, head and nose. Jamie paid the medical expenses. In addition, the plaintiffs allege that because the defendant, Lisa Close, Jason's mother, and the defendant, Catherine Close, Jason's grandmother, were Jason Close's guardians, their carelessness and negligence in controlling him caused Jardin's injuries.
Specifically, in count six of the revised complaint, the plaintiffs assert that Catherine Close is statutorily liable to Jardin in accordance with § 52-572 of the General Statutes, which provides for parental liability for torts of minors. On February 8, 2000, Catherine Close filed a motion to strike count six.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [plaintiff has] stated a legally sufficient cause of action." Napoletano v. Cigna Healthcare of Connecticut, Inc.,238 Conn. 216, 232-33 (1996). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992).
Catherine Close argues that she is not liable for Jason's alleged tortious act pursuant to § 52-572 because she is neither Jason Close's parent nor guardian. As she correctly points out, the issue of whether a grandparent who is not a legally appointed guardian of a minor CT Page 13976 is liable under § 52-572 has not been addressed by our Appellate Court.
In support of the motion to strike, Catherine relies upon the decision in Slavin v. Byrne, Superior Court, judicial district of New London at New London, Docket No. 512434 (January 24, 1991, Teller, J.). That court held that a plain reading of the statute leads to the conclusion that liability can be imposed either on a parent or on a guardian, but not on both. At common law, liability could not be imposed on a parent for the torts of a child. Therefore, § 52-572 which imposes such liability must be strictly construed to require liability to be imposed on a legally appointed guardian.
The plaintiffs' allegation in count six that Catherine Close is the natural acting guardian of the defendant is legally insufficient because "[t]he reference to guardian in section 52-572 cannot be construed to mean natural guardian, as that would be redundant." (Internal quotation marks omitted.) Slavin v. Byrne, supra, Superior Court, Docket No. 512434. In addition, the plaintiffs' sixth count cannot survive the motion to strike because under § 52-572 liability cannot be imposed on both Catherine and Lisa.
The motion to strike count six is, accordingly, granted.
Moraghan, J.T.R.